IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SENCION JAQUEZ-NUÑEZ,

Plaintiff,

v.

GARRETT J. RIPA, et al.,

Defendants.

CIVIL NO. 26-1459 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Before the Court is Petitioner Sención Jaquez-Núñez' ("Petitioner") "Writ of Habeas Corpus" under 28 U.S.C. § 2241, in which he alleges his detention by the U.S. Immigration and Customs Enforcement ("ICE") is unlawful and violates his due process rights.  Petitioner seeks his immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).  (Docket No. 1).  Respondents are Garrett J. Ripa, ICE Miami Feld Office Director; Todd Lyons, Acting Director for ICE; Markwayne Mullin, Secretary of Homeland Security; and Todd Blanche, Acting Attorney General of the United States (collectively, "Respondents").

For the reasons set forth below, the Petition is GRANTED.

**PROCEDURAL BACKGROUND**

Petitioner is a citizen and national of the Dominican Republic who entered the United States without being inspected or paroled around 2006 and has been living in Puerto Rico since that time.  He married a United States citizen, who filed a Petition for

Sención Jaquez-Núñez v. Garrett J. Ripa, et al.
Opinion and Order
Civil No. 26-1459 (CVR)
Page 2
_____

Alien relative with the United States Citizenship and Immigration Services. Petitioner has a son who is United States citizen. (Docket No. 1).

Petitioner was recently detained during a law enforcement operation. Petitioner has no criminal history, poses no danger to the community and does not present a flight risk. He has resided in the United States for over a decade, maintains stable family and community ties and has always complied with immigration authorities. Petitioner has a responsible co-sponsor/custodian committed to ensuring that he appears at all immigration court hearings and compliance with any conditions of release. (Id.).

Notwithstanding these positive factors, Petitioner avers Respondents have illegally denied him an opportunity for a bond hearing, alleging that he is detained under 8 U.S.C. § 1225(b)(2)(A) and therefore subject to mandatory detention without the right to such a hearing. Petitioner claims he is detained under 8 U.S.C. §1226(a) and his detention without a bond hearing violates his due process rights. (Id.).

In support of Petitioner's Writ of Habeas Corpus, he also requested a temporary restraining order ("TRO") to prohibit Respondents from transferring him outside of the District of Puerto Rico pending the resolution of the petition. (Docket No. 2). On July 17, 2026, the Court granted the TRO and ordered Respondents not to transfer Petitioner outside Puerto Rico during the pendency of this case. (Dockt No. 5). The Court also ordered Petitioner to serve process upon Respondents and certify compliance to the Court. Respondents were ordered to show cause by July 27, 2026 why Petitioner's Writ of Habeas Corpus should not be granted. (Id.).

Respondents complied, filing a brief three-page response and attaching a response they filed in a similar case, Guerrero v. Ripa, Civil No. 26-1427 (CVR) (Docket No. 9),

Sención Jaquez-Núñez v. Garrett J. Ripa, et al.
Opinion and Order
Civil No. 26-1459 (CVR)
Page 3

_____

which Respondents incorporated by reference, in support of their position.  They anchor their defense on the premise that Petitioner is currently detained under 8 U.S.C. § 1225(b)(2)(A), therefore is not eligible for release or entitled to a bond hearing under 8 U.S.C. § 1226(a). Respondents rely on the holding of In re: Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). They contend mandatory detention is proper because Petitioner is an "applicant for admission" under  8 U.S.C. §1225(b)(2)(A), which applies to both arriving noncitizens and those who are already present in the United States without permission. Respondents further allege the Court lacks subject matter jurisdiction over Petitioner's claim under 8 U.S.C. § 1252(b)(9),  8 U.S.C. § 1252(g) and 8 U.S.C. § 1252(e)(3), and that Petitioner has not exhausted available administrative remedies. (Docket No. 9).  They now also allege that two decisions from two different Courts of Appeals, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026), have supported their position.

Petitioner replied, arguing that respondents failed to show cause, insofar as  the Response is only three pages long and barely discusses the facts of this case, cites no record evidence, attaches no declaration, attaches no Form I-213, and is unsworn and instead, refences a document filed in another case on facts this Court has already considered and rejected.  Petitioner also asserts that abundant caselaw favors his position that a person who has entered the United States without inspection and was later arrested inside the United States is considered detained under section 8 U.S.C. § 1226(a) and not 8 U.S.C. § 1225(b)(2)(A) as Respondents contend, including four different Courts of Appeals which have so held.  Thus, Petitioner proffers he is entitled to a bond hearing. He also avers the Court has jurisdiction to entertain this case, and Respondents' reliance

on Yajure Hurtado is misplaced because that holding is owed no deference after the Supreme Court's opinion in Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024). (Docket No. 9).

## ANALYSIS

The issue before the Court is whether Petitioner was detained under 8 U.S.C. § 1225(b)(2)(A), which mandates detention throughout removal proceedings without a bond hearing, or under 8 U.S.C. § 1226(a) which allows for such a hearing.

Section 1225 specifies when certain noncitizens, namely "applicants for admission" are subject to mandatory detention, which is defined as a noncitizen "present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival)." 8 U.S.C. § 1225(a)(1); (b)(2)(A).  On the other hand, Section 1226(a) governs the detention of noncitizens, defined as persons "who are not a citizens or nationals of the United States."  See 8 U.S.C. §§ 1101; 1226.  This section provides that, on a warrant issued by the Attorney General, the noncitizen "may be arrested and detained pending a decision" on whether the person is to be removed from the United States.  8 U.S.C. § 1226(a).  While the decision regarding removal is pending, the Attorney General may continue to detain the arrestee or release him on bond or conditional parole.  Id.  Under First Circuit precedent, a noncitizen detained under this statute is entitled to a bond hearing based on Fifth Amendment Due Process concerns, where the Government must establish by clear and convincing evidence that the noncitizen is dangerous or by a preponderance of evidence that he poses a risk of flight. Hernández-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021).

Sención Jaquez-Núñez v. Garrett J. Ripa, et al.
Opinion and Order
Civil No. 26-1459 (CVR)
Page 5
_____

The Court agrees with Petitioner that his detention falls under Section 1226(a) and not Section 1225(b)(2)(A) as argued by Respondents.  This conclusion is based on the facts of this case, namely that Petitioner entered the United States without being inspected or paroled around 2006 and has been living here since then, as well as numerous cases within the First Circuit that have held that Section 1225(b)(2)(A) applies to applicants seeking entry into the country and the Section 1226(a) applies to people like Petitioner who are already present in the United States and are later detained.  See Tomas Elias v. Hyde, 2025 WL 3004437, at *2-3 (D.R.I. Oct. 27, 2025); Moreira Aguiar v. Moniz, 2025 WL 2987656, at *3 (D. Mass. Oct. 22, 2025); Rodríguez v. Nessinger, 2025 WL 3306576, at *1 (D.R.I. Oct. 17, 2025); Escobar v. Hyde, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025); Chogllo Chafla v. Scott, 804 F.Supp.3d 247, 259-260 (D. Me. 2025); Chiliquinga Yumbillo v. Stamper, 2025 WL 2783642, at*4 (D. Me. Sept. 30, 2025); Jiménez v. FCI Berlin, Warden, 799 F.Supp.3d 59, 66-67 (D.N.H. 2025); Batista Santiago v. Hyde, 2026 WL 36472, at *2 (D. Mass. Jan. 6, 2026).  On this basis, the Court sees no need to reinvent the wheel as to this issue and declines Respondents' invitation to read these statutes differently. The same reasoning applies to Respondents' reliance on the holdings of Buenrostro-Mendez v. Bondi, 166 F.4th 494 and Avila v. Bondi, 170 F.4th 1128, which are not from the First Circuit.

Additionally, this District has been consistent in finding that Section 1226(a) applies to noncitizens detained while already residing in the United States and they are entitled to a bond hearing.  See Aguilar-Linares v. Lyons, Civil No. 26-1122 (GLS), 2026 WL 1031860, at *6 (D.P.R. Apr. 16, 2026); García v. Ripa, Civil No. 26-1039 (GMM), 2026 WL 184719, at *4 (D.P.R. Jan. 23, 2026); Cruz-Santana v. González-Ramos, Civil No. 26-

1028 (GMM), 2026 WL 172520, at \*3-5 (D.P.R. Jan. 22, 2026); <u>Lora-Salazar v. Ripa, et al.</u>, Civil No. 26-1014 (MAJ) (D.P.R. Jan. 13, 2026) (Docket No. 5); <u>Muños de la Rosa v. Ripa</u>, Civil. No. 26-1094 (PAD) (D.P.R. Feb. 19, 2026) (Docket No. 5); <u>González-Rucci v. González-Ramos</u>, Civil No. 26-1045 (SCC) (D.P.R. Jan. 19, 2026) (Docket No. 12); <u>Pedro Guerrero v. Ripa et al.</u>, Civil No. 26-1427 (CVR) (D.P.R. July 15, 2026) (Docket No. 16).

Respondents present no convincing argument as to why this Court should find in their favor and reject this District's numerous holdings that Section 1226(a) governs detentions for noncitizens arrested while residing in the United States. Instead, they aver that <u>Yajure Hurtado</u> governs, where the Board of Immigration Appeals ("BIA") recently held that all noncitizens who enter the United States without admission fall under § 1225(b)(2)(A) and are not entitled to a bond hearing. In so doing, the <u>Yajure Hurtado</u> decision made no distinction between noncitizens detained at a port of entry and those detained while already living in the United States, as had previously been the norm.

Under the Supreme Court's ruling in <u>Loper Bright</u>, however, this Court owes no deference to the BIA's statutory interpretation. <u>Loper Bright</u>, 603 U.S. at 400-01 (holding that "agencies have no special competence in resolving statutory ambiguities. Courts do."). Furthermore, as discussed above, this District Court, as well as district courts across the First Circuit, have rejected <u>Yajure Hurtado</u>'s new reading and upheld the right to a bond hearing for noncitizens who were already present in the United States when they were detained. <u>See</u> <u>Cruz-Santana</u>, 2026 WL 172520, at \*4 (collecting First Circuit cases rejecting <u>Yajure Hurtado</u>'s interpretation and holding).

Finally, as to Respondents' argument the Court lacks subject matter jurisdiction over the claims under 8 U.S.C. § 1252(b)(9), 8 U.S.C. § 1252(g) and  8 U.S.C. § 1252(e)(3)

Sención Jaquez-Núñez v. Garrett J. Ripa, et al.
Opinion and Order
Civil No. 26-1459 (CVR)
Page 7
_____

and failure to exhaust administrative remedies, this District Court has rejected these same arguments before.   See Alvarez-Félix v. Ramos, Civil No. 26-1041 (RAM), 2026 WL 438160, at *4-5 (D.P.R. Feb. 17, 2026) (finding that this type of case falls outside the scope § 1252(b)(9), § 1252(g) and § 1252(e)(3) and that exhaustion would be futile).   This District Court's previous reasoning on those same issues applies here.

### CONCLUSION

For the foregoing reasons, Petitioner's Writ of Habeas Corpus is **GRANTED**. (Docket No. 1).   The Court declares that Petitioner Jaquez-Núñez is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

Accordingly, the Court **ORDERS** Respondents grant to Petitioner a bond hearing before an immigration judge no later than **July 29, 2026 or be released**.   Respondents shall file an informative motion by **July 31, 2026** confirming whether Petitioner has either been granted a bond hearing in compliance with this Order or released from custody.

The Court's Order at Docket No. 5 will remain in effect during the pendency of this case, and Respondents shall not transfer Petitioner outside this District pending the holding of the bond hearing.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 27th day of July 2026.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES DISTRICT JUDGE